## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| DAVID S. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| T.R. CRAIG, Warden, | ) |
| FCI BECKLEY, West Virginia, | ) |
| | ) |
| Respondent. | ) |

Civil Action No. 5:08-1367

### PROPOSED FINDINGS AND RECOMMENDATION

On November 26, 2008, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) In his Petition, Petitioner challenges the validity of his conviction and sentence as imposed by the Western District of Virginia.[2] (Id., p. 7.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) Ineffective Assistance of Counsel; (2) Actually Innocent of Violating of 18 U.S.C. § 924(c); (3)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On July 7, 2006, Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of knowingly and intentionally distributing a quantity of oxycodone, in violation of 21 U.S.C. § 841(a) (Count 4); and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. § 924(c) (Count 5). On October 18, 2006, the District Court sentenced Petitioner to "66 months - 6 months as to Count 4, and 60 months as to Count 5; all to be served consecutively." The District Court further imposed a three year term of supervised release as to each count, to run concurrently. Petitioner did not appeal his conviction or sentence. On January 23, 2008, the United States filed a Motion for Substantial Assistance. By Order entered on February 28, 2008, the District Court granted the Motion and reduced Petitioner's term of incarceration to 42 months. *United States v. Johnson*, Case No. 7:06-cr-0019 (W.D.Va. Oct. 18, 2006). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 30, 2009.

Entrapment; and (4) Plain Error Due to Faulty Indictment. (Id.) Therefore, Petitioner contends that he is entitled to *habeas* relief.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g.,

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

3

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).

Copies of such objections shall be served on opposing parties, District Judge Berger, and this

Magistrate Judge.

      The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Petitioner, who is acting *pro se*.

      ENTER: January 18, 2012.

R. Clarke VanDervort
United States Magistrate Judge

4